a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIE BELL JR., Petitioner | CIVIL DOCKET NO. 1:20-CV-858-P |
| VERSUS | JUDGE JOSEPH |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Willie Bell, Jr. ("Bell") (#385817). Bell is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in in Angola, Louisiana. Bell challenges his conviction and sentence imposed in the Tenth Judicial District Court, Natchitoches Parish.

Because Bell has not shown that his claims were properly exhausted or that he meets the requirements for bringing a second or successive § 2254 Petition, Bell must AMEND his Petition (ECF No. 1).

## I. Background

Bell alleges that he was convicted of second-degree murder in 1997 and sentenced to life imprisonment. ECF No. 1-2 at 1. The conviction and sentence were affirmed, and the Louisiana Supreme Court denied writs. *State v. Bell*, 98-3112 (La. 4/23/99); 740 So. 2d 649.

Bell filed an application for post-conviction relief alleging that counsel was ineffective for failing to file a motion to quash the indictment. *See Bell v. Warden*, 1:02-CV-1467, W.D. La., ECF No. 1. The application was denied. *See id.* The Louisiana Third Circuit Court of Appeal and Louisiana Supreme Court denied writs. *See id.* at 28-29.

Bell then filed a Petition for Writ of Habeas Corpus under § 2254 arguing that the evidence was insufficient to convict him; the indictment was defective; and counsel was ineffective. *See Bell v. Warden*, 1:02-CV-1467, W.D. La., ECF No. 1. The Petition was denied and dismissed as untimely. *Id.* at ECF No. 10.

Bell alleges that he filed another application for post-conviction relief in the trial court following the United States Supreme Court's ruling in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). ECF No. 1-2 at 1. Bell argued that his Sixth Amendment right to counsel was violated when his attorney conceded his guilt over his objection. Bell alleges that the district court denied the application finding that *McCoy* was distinguishable from his case. ECF No. 1-2 at 1. According to Bell, the appellate court and Louisiana Supreme Court both denied writs. *See id.*

## II. Instructions to Amend

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(b), prohibits repeated, abusive challenges to the same conviction. Section 2244(b) places the following restrictions on "second or successive" applications for habeas corpus relief:

>(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
>(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>>(A) the applicant must show that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>>(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

Before a second or successive application permitted by § 2244 can be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(d)(3)(A).

According to the Court's records, Bell previously filed a § 2254 Petition, which was denied and dismissed as time-barred. Therefore, Bell must amend his Petition to state whether he obtained authorization to file another § 2254 Petition from the United States Court of Appeals for the Fifth Circuit.

If Bell obtained authorization, Bell must provide a copy of that authorization. If Bell argues that authorization is not required, he must state why. Bell must also provide a copy of his most recent application for post-conviction relief allegedly filed

on October 12, 2018, as well as the trial court's ruling denying relief on November 7, 2018. ECF No. 1-2 at 1, 3. Finally, Bell must provide a copy of the subsequent writ denial by the Louisiana Third Circuit Court of Appeal, KH 18-00972.

IT IS ORDERED that Bell AMEND his Petition (ECF No. 1) within thirty (30) days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Wednesday, September 9, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE