a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIE BELL JR., Petitioner | CIVIL DOCKET NO. 1:20-CV-0858-P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DARREL VANNOY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Willie Bell, Jr. ("Bell") (#385817). Bell is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in in Angola, Louisiana. Bell challenges his conviction and sentence imposed in the Tenth Judicial District Court, Natchitoches Parish.

Because Bell failed to comply with the Court's Order to amend his Petition (ECF No. 5), the Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

Bell alleges that he was convicted of second-degree murder in 1997 and sentenced to life imprisonment. ECF No. 1-2 at 1. The conviction and sentence were affirmed, and the Louisiana Supreme Court denied writs. *State v. Bell*, 98-3112 (La. 4/23/99); 740 So. 2d 649.

Bell filed an application for post-conviction relief alleging that counsel was ineffective for failing to file a motion to quash the indictment. *See Bell v. Warden*, 1:02-CV-1467, W.D. La., ECF No. 1. The application was denied. *See id.* The Louisiana Third Circuit Court of Appeal and Louisiana Supreme Court denied writs. *See id.* at 28-29.

Bell then filed a Petition for Writ of Habeas Corpus under § 2254 arguing that the evidence was insufficient to convict him; the indictment was defective; and counsel was ineffective. *See Bell v. Warden*, 1:02-CV-1467, W.D. La., ECF No. 1. The Petition was denied and dismissed as untimely. *Id.* at ECF No. 10.

Bell alleges that he filed another application for post-conviction relief in the trial court following the United States Supreme Court's ruling in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). ECF No. 1-2 at 1. Bell argued that his Sixth Amendment right to counsel was violated when his attorney conceded his guilt over his objection. Bell alleges that the district court denied the application finding that *McCoy* was distinguishable from his case. ECF No. 1-2 at 1. According to Bell, the appellate court and Louisiana Supreme Court both denied writs. *See id.*

Bell was ordered to amend his Petition to state whether he obtained authorization to file another § 2254 Petition from the United States Court of Appeals for the Fifth Circuit, or why authorization is not required. ECF No. 5.

II. **Law and Analysis**

A district court may dismiss an action for the plaintiff's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent

authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Bell has failed to comply with the Court's Order (ECF No. 5) to amend his Petition by October 9, 2020, and he has not requested an extension of time within which to comply.

## III. Conclusion

Because Bell has failed to comply with the Court's Order (ECF No. 5), IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any

extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, November 5, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE